IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ARKANSAS METHODIST HOSPITAL *
CORPORATION d/b/a/ Arkansas *
Methodist Medical Center, *
 *
   Plaintiff, *
 *
vs. *  No. 3:04CV00362 SWW
 *
CRAIG W. FORBES, M.D., *
 *
   Defendant. *


ARKANSAS METHODIST HOSPITAL *
CORPORATION d/b/a/ Arkansas *
Methodist Medical Center, *
 *
   Plaintiff, *
 *
vs. *  No. 3:04CV00363 SWW
 *
EUGENE M. FINAN, M.D., *
 *
   Defendant. *

**Memorandum and Order**

Now before the Court are plaintiff's motions for attorney's fees, costs, and prejudgment interest. Defendants responded to the motions, and plaintiff filed replies to the responses. Plaintiff asks for attorney's fees of $89,904.00 and costs of $5,767.54 from Dr. Forbes, and $88,157.00 for attorney's fees and $6,424.42 in costs from Dr. Finan. After careful consideration and for the reasons stated below, the Court concludes that it should grant plaintiff's motions.

**Background**

Arkansas Methodist Hospital Corporation ("Arkansas Methodist") filed these lawsuits claiming Drs. Forbes and Finan breached their contracts with Arkansas Methodist. Defendants

answered, asserting the defense of fraud.  Subsequently, defendants both filed counterclaims of fraud.  On motions filed by defendants, the Court consolidated the cases for trial.

The cases were tried to a jury April 24-27, 2006, in Jonesboro, Arkansas.  The jury found in favor of Arkansas Methodist and against Dr. Finan on his defense of fraud and awarded damages of $388,553.64.  It found in favor of Dr. Forbes on his defense of fraud but found he had waived the defense.  The jury awarded damages against Dr. Forbes of $529,399.13.  In light of the jury verdicts, the Court dismissed the doctors' counterclaims.  Arkansas Methodist now seeks attorney's fees and costs as well as prejudgment interest.  Drs. Forbes and Finan concede they owe prejudgment interest but contend the amount of fees requested is unreasonable and some of the costs are duplicative.

## Discussion

"Under the American Rule, attorney fees are generally not recoverable without statutory authorization." *Gen. Trading Int'l, Inc. v. Wal-Mart Stores, Inc.,* 320 F.3d 831, 838 (8th Cir. 2003).  Arkansas Code Annotated  §16-22-308 provides that a court may award a prevailing party in a contract action attorney's fees.  "'The statute is clearly not mandatory and the decision whether to award attorney fees in cases governed by section 16-22-308 is left to the sound discretion of the trial court.'" *Id.*  Acknowledging that the award of fees and costs is discretionary under § 16-22-308, Arkansas Methodist points out that according to the parties' contracts, the doctors agreed to pay attorney's fees and costs.  Section 3.7 of the parties' contracts provides as follows:

> The Physician and Hospital covenant and agree, in the event it shall become necessary for either party to enforce the provisions of this Agreement, by legal action or employ attorneys for the collection of moneys due hereunder, and if said party is successful in its action, to pay the said party its reasonable attorney fees and all court costs and other costs for such collection or enforcement proceedings.

2

Arkansas Methodist asserts, therefore, that Drs. Forbes and Finan have contracted to pay the attorney's fees and court costs associated with this litigation.  The Court finds that Arkansas Methodist should be awarded fees and costs in connection with this litigation.

Turning to the amount of attorney's fees, the trial court should determine what fees are reasonable.  *Griffin v. First Nat'l Bank,* 888 S.W.2d 306, 311 (Ark. 1994).  Factors to consider in determining the reasonableness of attorney's fees are:

> (1) the attorney's judgment, learning, ability, skill, experience, professional standing and advice; (2) the relationship between the parties; (3) the amount or importance of the subject matter of the case; (4) the nature, extent and difficulty of services in research; (5) the preparation of pleadings; (6) the proceedings actually taken and the nature and extent of the litigation; (7) the time and labor devoted to the client's cause, the difficulties presented in the course of the litigation and the results obtained.

*Crockett & Brown, P.A. v. Courson,* 849 S.W.2d 938, 941 (Ark. 1993).  *See also Chrisco v. Sun Indus., Inc.,* 800 S.W.2d 717, 718-19 (Ark. 1990)(factors include "experience and ability of the attorney, the time and labor required to perform the legal service properly, the amount involved in the case and the results obtained, the novelty and difficulty of the issues involved, the fee customarily charged in the locality for similar legal services, whether the fee is fixed or contingent, the time limitations imposed upon the client or by the circumstances, and the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer").

Defendants argue the fees requested are unreasonable.  They assert the cases were not complicated as the execution of the contracts and the amounts involved were never in dispute.  They state the real issues were fraudulent inducement and waiver, and that Arkansas Methodist's use of five different attorneys on the case was "overkill."   Defendants also complain that Arkansas Methodist

filed a number of unnecessary motions, that defendants should not have to bear the brunt of additional time that had to be incurred as a result of the continuance requested by Arkansas Methodist, and that over 100 of the time entries appear to be duplications.  Defendants specifically object to an entry regarding settlement discussions during the month of April, prior to trial, and an entry referring to trial preparation and travel on a day after the trial had ended.

The Court finds that while Arkansas Methodist's case-in-chief was not overly complicated, the lawsuit as a whole consisted of a number of complicated issues, most of which arose from the defenses and counterclaims asserted by Drs. Finan and Forbes.  While five different attorneys worked on the cases, only two attorneys attended the trial.  The Court  reviewed the exhibits submitted by Arkansas Methodist, and the objections by the doctors that there appear to be duplications.  Arkansas Methodist explains that when legal work was performed that  applied to both cases, the time was split between the two cases.  According to Arkansas Methodist, after the cases were consolidated, only in instances where the work performed clearly applied to one defendant and not the other was there a separate entry.  The Court finds this explanation credible and rejects defendants' assertions the work was duplicitous.

Arkansas Methodist further explains that the pre-trial settlement discussion items challenged by Dr. Finan reflect communications between Arkansas Methodist and its attorneys regarding the possibility of settlement, and that the April 28, 2006, entry showing trial preparation and travel to Jonesboro was a typographical error and should have read April 22, 2006, the Saturday before the trial began.

4

Drs. Finan and Forbes assert they should not be charged with additional time that had to be incurred as a result of the continuance of the trial from November 2005 to April 2006. They contend they should not have to pay twice for the "typical, phrenetic, 11th hour trial preparation." Defendants also complain that Arkansas Methodist filed numerous motions, most of which were unnecessary and almost all of which were denied.

The Court finds from a review of the record and plaintiff's exhibits that the time billed in preparation for trial, both times, was reasonable. While it is unfortunate that the trial had to be continued on the eve of trial, it is not unusual for such continuances to occur and some additional expenses to be incurred. The Court also notes that plaintiff filed six motions from September 2005 until the trial in April 2006 in each case: a motion for summary judgment filed in September 2005, an amended motion for summary judgment filed in April 2006, a motion in limine filed in October 2005 and two motions in limine filed in April 2006. The Court finds these motions were reasonable and necessary to an effective prosecution of this case.

"[C]osts . . . shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d). The costs that may be recovered pursuant to Rule 54(d) are specified in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437 (1987). They include: (1) fees of the clerk; (2) fees for transcripts; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and interpreters. 28 U.S.C. § 1920. Rule 54(d) codifies the presumption that costs will be awarded to prevailing parties. *Zotos v. Lindbergh School Dist.,* 121 F.3d 356 (8th Cir. 1997).

The district court has substantial discretion in awarding costs to a prevailing party under 28 U.S.C. § 1920 and Rule 54(d). *Id.*

Defendants complain the costs sought are excessive given the nature and relative simplicity of the case, and that some disbursements seem to be duplications. The Court already addressed defendants' contentions concerning the nature of the case and apparent duplications. Having reviewed the exhibits, it appears the costs plaintiff seeks are reasonable and necessary to the litigation. The Court notes that plaintiff includes within its costs paralegal time as well as travel expenses. Generally, paralegal time is included in fees, and attorney travel time is not an expense listed in §1920 as a covered cost. Here, however, the terms of the contract state that Drs. Forbes and Finan are to pay "reasonable attorney fees and all court costs and other costs of such collection or enforcement proceedings." Therefore, the Court will allow those items according to the terms of the contract.

## Conclusion

After considering the various factors enumerated by the Arkansas Supreme Court, the Court concludes that plaintiff's motions should be and are hereby granted. Arkansas Methodist is awarded attorney's fees and costs in the amounts requested: $95,671.54 from Dr. Forbes, and $94,581.42 from Dr. Finan.

SO ORDERED this 22nd day of June 2006.


/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE